In re: Kenneth A. Diehl   Agnes Diehl        Case No. 5-01-02092
6061                     8922

# UNITED STATES BANKRUPTCY COURT
## Middle District of Pennsylvania

### FIRST AMENDED CHAPTER 13 PLAN

### NOTICE

**THIS PLAN CONTAINS EVIDENTIARY MATTERS WHICH, IF NOT CONTROVERTED, MAY BE ACCEPTED BY THE COURT AS TRUE. CREDITORS CANNOT VOTE ON THIS PLAN BUT THEY MAY OBJECT TO ITS CONFIRMATION PURSUANT TO BANKRUPTCY CODE §1324. ANY OBJECTION MUST BE IN WRITING AND MUST BE FILED WITH THE COURT AND SERVED UPON THE DEBTOR(S), DEBTOR'S COUNSEL, AND THE CHAPTER 13 TRUSTEE NO LATER THAN THE DEADLINE ESTABLISHED BY THE COURT. ABSENT ANY SUCH OBJECTION, THE COURT MAY CONFIRM THIS CHAPTER 13 PLAN AND ACCEPT THE VALUATIONS AND ALLEGATIONS. CREDITORS SHOULD FILE A PROOF OF CLAIM WITH THE CLERK OF THE COURT ON OR BEFORE THE DEADLINE ESTABLISHED BY THE COURT; FAILURE TO DO SO WILL PREVENT THE CREDITOR FROM RECEIVING PAYMENT FROM THE TRUSTEE UNLESS THE DEBTOR(S) VOLUNTEER(S) TO FILE A PROOF OF CLAIM ON BEHALF OF THE CREDITOR. PHOTOCOPIES OF PROOFS OF CLAIM SHOULD BE PROVIDED TO THE TRUSTEE AND THE ATTORNEY FOR THE DEBTOR(S).**

Debtor(s) propose(s) the following Chapter 13 Plan and makes the following declarations:

## I. PROPERTIES AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE

1. Payments by Debtor(s) of: 06/01 through 05/05 - $700.00 Per Month

2. Other property: NONE

3. Amounts necessary for the payment of post-petition claims allowed under Bankruptcy Code §1305.

## II. AVOIDANCE OF LIENS ON EXEMPT PERSONAL PROPERTY

Creditors holding claims secured by personal property of the Debtor(s) which is exempt under Schedule C shall receive only those amounts set forth in this Plan, and the lien securing such exempt personal property shall be released upon the completion of the Plan by the Debtor(s). Creditors should file a timely objection to this Plan if they are not satisfied with this treatment.

In re: Kenneth A. Diehl    Agnes Diehl         Case No. 5-01-02092
       6061                 8922

# UNITED STATES BANKRUPTCY COURT
## Middle District of Pennsylvania

**III. CLASSIFICATION AND TREATMENT OF CLAIMS**

1. CLASS ONE - Allowed Unsecured Claims entitled to priority under Bankruptcy Code §507 as administrative expenses. No Proof of Claim needs to be filed by the creditor. Class One claims shall be paid in full before all other claims.

|  | PRIORITY CLAIM | (STARTING) PAYMENT | NUMBER OF PAYMENTS | TOTAL PAYMENTS |
|---|---|---|---|---|
| a. Administrative Expenses |  |  |  |  |
| (1) Trustee's Compensation | ( as set forth at paragraph V(g) ) |  |  |  |
| (2) Attorneys Fees | 2,725.00 ($2,225.00 Already Paid) | 636.36 | 4 | 2,725.00 |

2. CLASS TWO - Allowed Unsecured Claims entitled to priority under Bankruptcy Code §507. Class Two claims shall be paid after Class One claims and prior to other claims. Debtor(s) will pay Class Two claims in full in deferred payments, provided a proof of claim has been filed, as set forth below.

|  | PRIORITY CLAIM | (STARTING) PAYMENT | NUMBER OF PAYMENTS | TOTAL PAYMENTS |
|---|---|---|---|---|
| a. Internal Revenue Service | 0.00 | 0.00 | 0 | 0.00 |
| b. Pennsylvania Department of Revenue | 0.00 | 0.00 | 0 | 0.00 |
| c. Other | 0.00 | 0.00 | 0 | 0.00 |

3. CLASS THREE - Allowed Unsecured claims for claims which are non-dischargeable under §523 or any other applicable provision of the Bankruptcy Code, upon filing of a Proof of Claim, shall be paid after Class One and Class Two claims, but before other claims, as set forth below. No post-petition interest shall be paid on student loans being repaid through this Plan.

|  | PRIORITY CLAIM | (STARTING) PAYMENT | NUMBER OF PAYMENTS | TOTAL PAYMENTS |
|---|---|---|---|---|
| a. Support | 0.00 | 0.00 | 0 | 0.00 |
| b. Student Loans | 0.00 | 0.00 | 0 | 0.00 |
| c. Other | 0.00 | 0.00 | 0 | 0.00 |

In re: Kenneth A. Diehl    Agnes Diehl    Case No. 5-01-02092
6061    8922

# UNITED STATES BANKRUPTCY COURT
## Middle District of Pennsylvania

4. CLASS FOUR - Claims secured by Real Property that is the Debtor's PRINCIPAL RESIDENCE. Class Four claims shall be paid following payment of Class One, Class Two and Class Three claims. The value as of the effective date of the Plan, of the series of payments to be distributed under the Plan on account of each secured claim provided for by the Plan, is equal to the allowed amount of such claim. Defaults shall be cured using a discount rate of 0.00% per annum. Any obligation maturing by its terms before termination of this Plan shall be paid on or before its due date. Each creditor shall retain its lien. The "Amount in Default", set forth below, includes all pre-petition arrearages in mortgage installments as well as all pre-petition late charge and other fees, attorneys fees and court costs, disbursements and other costs of the mortgage holder, and interest on the arrearage over the life of the Plan, if appropriate.

|  | AMOUNT IN DEFAULT | (STARTING) PAYMENT | NUMBER OF PAYMENTS | TOTAL PAYMENT |
|---|---|---|---|---|
| Creditor: **PNC Bank** Loan No.: **3089861860095119** Cure of Default.................. | **25,880.70** | **636.36** | **41** | **25,880.70** **(Already Paid)** |
| Creditor: Loan No. Cure of Default.................. | 0.00 | 0.00 | 0 | 0.00 |

5. CLASS FIVE - Secured Claims not secured solely by a security interest in Debtor's principal residence which are paid in full under the Plan. Class Five claims shall be paid in monthly payments, as set forth below, after the payment of Class One, Class Two, Class Three and Class Four claims. Each creditor shall retain its lien until the Plan is completed. Upon completion of the Plan the lien shall be released. Debtor is the owner of the property serving as collateral, is aware of its condition and where the Secured Claim is less than the Total Claim, believes its value is as set forth below under the heading "Secured Claim." The value as of the effective date of the Plan, of the series of payments to be distributed under the Plan on account of each Secured Claim provided for by the Plan, is equal to the allowed amount of such claim, based upon a present value computation, using a discount rate of 0.00% per annum.

| NAME OF CREDITOR & LOAN NUMBER | TOTAL AMOUNT OF DEBT | SECURED CLAIM | UNSECURED AMOUNT | AMOUNT IN DEFAULT | (STARTING) PAYMENT | NUMBER OF PAYMENTS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| NONE | 0.00 | 0.00 | 0.00 | 0.00 | 0 | 0 | 0.00 |

In re:   Kenneth A. Diehl     Agnes Diehl         Case No. 5-01-02092
         6061                  8922

# UNITED STATES BANKRUPTCY COURT
## Middle District of Pennsylvania

6. CLASS SIX - Secured and Unsecured Claims for which the last payment is due after the final payment under the Plan is due. Class Six claims shall be paid following the payment of Class One, Class Two, Class Three, Class Four, and Class Five claims, and prior to Class Seven claims. The value as of the effective date of the Plan, of the series of payments to be distributed under the Plan on account of each Secured Claim provided for by the Plan, is equal to the allowed amount of such claim. Defaults shall be cured using a discount rate of 0.00% per annum.

|  | AMOUNT IN DEFAULT | (STARTING) PAYMENT | NUMBER OF PAYMENTS | TOTAL PAYMENT |
|---|---|---|---|---|
| Creditor: NONE  Loan No.: | | | | |
| 1) Cure of Default.................... | 0.00 | 0.00 | 0 | 0.00 |
| 2) [ ] Other monthly payment (only if to be paid through Trustee) | | | | |

7. CLASS SEVEN - Non-priority Unsecured Claims. Debtor estimates that non-priority general unsecured claims total the sum of **$40,814.28**. Class Seven claims shall be paid following the payment of all other claims, pro rata, from the disposable income of the Debtor(s) which is available after the payment of all other claims, above, as set forth in this Plan. The Debtor(s) estimate that unsecured creditors will receive **4%** of their respective unsecured claims; THIS IS ONLY AN ESTIMATE, AND UNSECURED CREDITORS ARE NOT GUARANTEED PAYMENT OF THIS PERCENTAGE.

## IV.  COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the Estate of the debtor were liquidated under Bankruptcy Code Chapter 7 on such date. The percentage distribution to which general unsecured creditors, could be entitled under Chapter 7 is <u>estimated</u> at 0%.

In re: Kenneth A. Diehl    Agnes Diehl    Case No. 5-01-02092
6061                        8922

# UNITED STATES BANKRUPTCY COURT
## Middle District of Pennsylvania

**V. PLAN ANALYSIS - TOTAL PAYMENT PROVIDED FOR UNDER THE PLAN**

| | | | |
|---|---|---|---|
| (a) | CLASS ONE | | |
| | Unpaid attorney's fees | | 2,725.00 |
| | | | ($2,225.00 Already Paid) |
| (b) | CLASS TWO | | |
| | (1) Taxes | | 0.00 |
| | (2) Other | | 0.00 |
| (c) | CLASS THREE | | 0.00 |
| (d) | CLASS FOUR | | 25,880.70 |
| | | | (Already Paid) |
| (e) | CLASS FIVE | | 0.00 |
| (f) | CLASS SIX | | 0.00 |
| (g) | CLASS SEVEN | | 1,939.75 |
| (h) | SUB-TOTAL | | 30,545.45 |
| (i) | TRUSTEE'S FEES (Estimate 10% unless advised otherwise) | 3,054.55 | |
| (j) | TOTAL PAYMENTS | | 33,600.00 |

**VI. ENLARGEMENT OF TIME FOR PAYMENTS**

If the Plan provides for payments over a period of more than 36 months, cause exists as follows:

1. [ ]    The Plan proposes to pay at least 70% of the claims.

2. [X]    Other: **Unsecured creditors to receive more than under Chapter 7.**

In re: Kenneth A. Diehl    Agnes Diehl          Case No. 5-01-02092
       6061                8922

# UNITED STATES BANKRUPTCY COURT
## Middle District of Pennsylvania

**VII. OTHER PROVISIONS**

1. The following executory contracts and unexpired leases are rejected:

    NONE

2. Debtor assumes the following executory contracts and unexpired leases:

    **Chase Automotive Finance - Auto Lease - 2000 Ford Explorer.**

3. Debtor shall make regular payments directly to the following:

    **Chase Automotive Finance - Auto Lease - 2000 Ford Explorer.**

4. Debtor hereby abandons the following personal or real property:

    NONE

5. Miscellaneous Provisions (specify):

    **THE CLAIM OF PNC BANK HAS BEEN PAID IN FULL, AND NO LONGER NEEDS TO BE PAID THROUGH THE PLAN.**

    **THE CONFIRMED PLAN SHALL REMAIN IN FULL FORCE AND EFFECT UNLESS AND UNTIL THE APPROVAL BY THE COURT OF THE HEREIN AMENDED PLAN.**

6. Debtor agrees that the Trustee is authorized to disburse funds after the date of confirmation.

7. Debtor reserves the right to object to all Proofs of Claim which are filed, whether before or after confirmation or payment by the Trustee.

8. By failing to object to this Plan all creditors holding claims agree not to make any effort to collect their claims from any co-signors that may exist, so long as this case remains pending.

9. Any creditor who does not timely object to the Plan shall be deemed to have accepted this Plan.

10. Confirmation of this Plan shall constitute a finding that the Plan constitutes the Debtor's best effort under all the circumstances to pay their creditors, within the meaning of 11 U.S.C. §727(a)(9).

11. Debtor shall maintain adequate insurance on all secured property, as is appropriate.

12. Upon confirmation of this Plan, no creditor may assess the Debtor or the Debtor's estate for attorney fees and/or collection costs arising during the Plan, except as authorized by contract and upon approval of the Court after notice to the Debtor. Unless approved by the Court for payment under this paragraph, the Debtor shall have no liability for any such fees and costs arising during the Plan, and there shall be no in rem liability of property at any time held by the Debtor's estate. Any application for approval of fees or costs under this paragraph shall meet the requirements of Fed. R. Bankr. P. 2016(a).

In re: Kenneth A. Diehl   Agnes Diehl         Case No. 5-01-02092
       6061               8922

# UNITED STATES BANKRUPTCY COURT
## Middle District of Pennsylvania

**VIII.   REVESTMENT OF PROPERTY**

Upon confirmation of the Plan, all property of the Debtor(s), including but not limited to real property, personal property, cash and bank accounts, and retirement funds/benefits, shall revest in the Debtor(s). After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale or refinance of property of the estate, except to respond to any proposed use, sale or refinance if requested by this Court.

Dated:   1/20/05                                   /s/ Vincent Rubino
                                                   Vincent Rubino, Esq., Attorney for Debtor(s)

I declare under penalty of perjury that the foregoing is true and correct.

Executed at      Stroudsburg, PA

Executed on:     1/20/05                           /s/ Kenneth A. Diehl
                                                   KENNETH A. DIEHL

                                                   /s/ Agnes Diehl
                                                   AGNES DIEHL